UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**THOMAS E. PEREZ,** Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

**CARGILL HEATING & AIR
CONDITIONING CO., INC.,
MICHAEL EARL GALSTAD,** and
**CARGILL HEATING & AIR
CONDITIONING CO., INC. SAVINGS
PLAN**

        Defendants.

CIVIL ACTION

File No. 3:14 CV 00228

Judge James D. Peterson

Magistrate Judge Crocker

---

## CONSENT ORDER AND JUDGMENT

Plaintiff Thomas E. Perez, Secretary of Labor ("Secretary"), United States Department of Labor, filed a complaint against Defendants Cargill Heating & Air Conditioning Co., Inc. ("Cargill"), Michael E. Galstad, and Cargill Heating & Air Conditioning Co., Inc. Savings Plan ("Plan") alleging that Cargill and Michael E. Galstad (collectively "Defendants") breached their fiduciary responsibilities under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.* with respect to the Plan.[1]

Defendants have waived service of process of the complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants have agreed to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA

---

[1] The Plan was only named as a defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

§502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court.

The parties agree that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

Now, therefore, upon consideration of the record herein, and as agreed to by the parties hereto, the Court finds that it has jurisdiction to enter this Consent Order and Judgment, and being fully advised in the premises, it is

**ORDERED, ADJUDGED AND DECREED** that:

A. Defendants are permanently enjoined from violating the provisions of Title I of ERISA;

B. Defendants are permanently enjoined from serving as fiduciaries or service providers to any ERISA-covered employee benefit plan;

C. Defendants are jointly and severally liable to the Plan in the amount of $143,000, for engaging in or failing to prevent or take corrective action for prohibited transactions involving the transfer of plan assets from the Plan from May 31, 2008 to April 30, 2012;

D. Consistent with the order to be entered by the U.S. Bankruptcy Court for the Western District of Wisconsin, in *In re: Michael E. Galstad & Jane Galstad*, Case No. 13-14392, Defendant Galstad shall make one lump sum payment of $80,000 from his IRA Account, Sunamerica Trust Co., Account No. 6TJ615691[2] ("Retirement Account") to his undersigned attorney's escrow account ("Escrow Account") for benefit of the Plan's participants by January 15, 2015;

---

[2] Pursuant to the *In re: Michael E. Galstad & Jane Galstad*, Case No. 13-14392, the retirement monies identified in paragraph D are not part of Defendant Galstad's bankruptcy estate.

E. In reliance on the representations made by Defendant Galstad, including the Chapter 7 Bankruptcy Petition he filed in Case No. 13-14392, his executed Declarations of Financial Status, and his last three years of U.S. tax returns, which show that he is unable to pay the total restitution amount to the Plan, the Secretary agrees to forbear full collection of the $143,000 restitution amount owed to the Plan and agrees to accept the $80,000 as set forth in paragraph D above in full satisfaction of this debt of $143,000 owed to the Plan subject to the conditions in paragraph F below;

F. If the Defendants fail to comply with the requirements of this Consent Order and Judgment or if it is found that the documents they provided, including the Chapter 7 Bankruptcy Petition filed in Case No. 13-14392, executed Declarations of Financial Status, and the last three years of U.S. tax returns, are incomplete or falsified, the full amount of the $143,000 of losses owed to the Plan in paragraph C (minus any payments made by any party towards these amounts) shall immediately become due and payable together with post-judgment interest pursuant to 28 U.S.C. § 1961;

G. Defendant Galstad shall ensure that $80,000 remains in his Retirement Account until it is paid to the Escrow Account for the benefit of the Plan participants;

H. Within ten (10) days of the amounts set forth in paragraph D posting to the Escrow Account, Defendant Galstad shall direct his undersigned attorney to make payments to the Plan's participants on a pro rata basis, based on the losses set forth in Exhibit A. Within ten (10) days of any payments made to a participant, Defendant Galstad shall provide the Regional Director of the Employee Benefits Security Administration, United States Department of Labor, 230 S. Dearborn, Suite 2160, Chicago, IL 60604, account statements and/or canceled checks that

reflect proof of payment to affected participants and the affected participant's most current contact information;

    I.    The Defendants along with their undersigned attorney shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Consent Order and Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. Defendants shall comply with the guidance in EBSA Field Assistance Bulletin 2014-01, <u>Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans</u> (Aug. 21, 2014) available at http://www.dol.gov/ebsa/regs/fab2014-1.html, in attempting to locate participants and handling missing participants;

    J.    Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor;

    K.    Each party agrees to bear his/its own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended; and

    L.    The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

IT IS SO ORDERED THIS 5TH DAY OF JANUARY 2015.

_____
THE HONORABLE JAMES D. PETERSON
UNITED STATES DISTRICT COURT JUDGE

The undersigned apply for and consent to the entry of this Consent Order and Judgment this ___31st___ day of ___December___, 2014.

FOR THE DEFENDANT:

s/ Michael E. Galstad
**MICHAEL E. GALSTAD**

s/ Michael E. Galstad
**CARGILL HEATING & AIR CONDITIONING CO., INC.**
By: Michael E. Galstad

s/ Dawn M. Harris
**DAWN MARIE HARRIS**
Attorney

D.M. Harris Law, L.L.C.
201 Main Street, Suite 620
750 3rd St. N., Suite A
La Crosse, WI 54601
Telephone: (608) 782-4133
Fax: (608) 782-4676
dawn@dmharrislaw.com

FOR THE PLAINTIFF:

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Mark H. Ishu
**MARK HENRY ISHU**
Attorney

U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-6972
Fax: (312) 353-5698
ishu.mark.h@dol.gov

## EXHIBIT A

| | Total Due | Pro-Rata Share | Garnishment | Portion to be paid to participants |
|---|---|---|---|---|
| Michael Bentzen | $ 2,544.40 | 1.77841062% | $ - | $ 1,422.73 |
| Bailey Boardman | $ - | | $ - | $ - |
| Aaron Bright | $ 610.26 | 0.42654177% | $ - | $ 341.23 |
| Richard Brown | $ 14,374.30 | 10.04692966% | $ - | $ 8,037.54 |
| David Brownlee | $ - | 0.00000000% | | $ - |
| Gregory Collins | $ 2,665.81 | 1.86327025% | $ - | $ 1,490.62 |
| Adam Colsch | $ 21,403.55 | 14.96003014% | $ - | $ 11,968.02 |
| Erin Colsch | $ 2,426.05 | 1.69568979% | $ - | $ 1,356.55 |
| James Copeland | $ 308.36 | 0.21552849% | $ - | $ 172.42 |
| Steven Dorn | $ 9,859.96 | 6.89162774% | $ - | $ 5,513.30 |
| Joshua Erickson | $ 2,596.53 | 1.81484693% | $ - | $ 1,451.88 |
| Jane Galstad | $ 1,316.20 | 0.91995915% | $ - | $ 735.97 |
| Michael Galstad | $ - | 0.00000000% | $ - | $ |
| Nolan Gundersen | $ - | 0.00000000% | | $ - |
| Solon Hanson | $ 1,249.40 | 0.87326923% | $ - | $ 698.62 |
| Curtis Hickok | $ 1,304.75 | 0.91195616% | $ - | $ 729.56 |
| Richard Iverson | $ 232.05 | 0.16219155% | $ - | $ 129.75 |
| Gregory Kayala | $ - | 0.00000000% | $ - | $ - |
| Kris Kennedy | $ 511.01 | 0.35717089% | $ - | $ 285.74 |
| James Lyman | $ - | 0.00000000% | $ - | $ - |
| David McCabe | $ 5,127.57 | 3.58391957% | $ - | $ 2,867.14 |
| Kenneth McGinnis | $ 1,827.14 | 1.27708111% | $ - | $ 1,021.66 |
| Jacob McNeely | $ 1,594.43 | 1.11442825% | $ - | $ 891.54 |
| Derek Minett | $ 3,142.03 | 2.19612464% | $ - | $ 1,756.90 |
| Scott Price | $ 12,549.96 | 8.77180561% | $ (5,317.35) | $ 7,017.44 |
| John Radecki | $ 1,360.00 | 0.95057320% | $ - | $ 760.46 |
| Robert Radecki | $ 1,852.31 | 1.29467371% | $ - | $ 1,035.74 |
| Chris Radcliffe | $ 1,210.12 | 0.84581444% | $ - | $ 676.65 |
| Timothy Rohrer | $ 432.29 | 0.30214948% | $ - | $ 241.72 |
| Adolph Schildknecht | $ 5,025.22 | 3.51238195% | $ - | $ 2,809.91 |
| Doug Schultz | $ - | 0.00000000% | $ - | $ - |
| Jacob Stoll | $ 5,897.61 | 4.12213971% | $ - | $ 3,297.71 |
| Tracy Stoll | $ 1,710.59 | 1.19561839% | $ - | $ 956.49 |
| Ryan Strasser | $ 385.77 | 0.26963428% | $ - | $ 215.71 |
| Patrick Toomey | $ 19,586.80 | 13.69021113% | $ - | $ 10,952.17 |
| Steven Tschumper | $ 1,846.34 | 1.29050097% | $ - | $ 1,032.40 |
| John Tully | $ 3,471.89 | 2.42668058% | $ - | $ 1,941.34 |
| Jared Voves | $ 14,648.87 | 10.23884060% | $ - | $ 8,191.07 |
| | $ 143,071.57 | | $ (5,317.35) | $ 80,000.00 |

$ 3,325.90   Michael Galstad amount was subtracted
$ (1,592.63) Doug Schultz amount was subtracted
$ 144,804.84